**F I L E D**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENCH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LEONARD LEROY WOODS,

    Defendant - Appellant.

No. 05-6281
(D.C. Nos. 04-CV-1190-L and
02-CR-19-L)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

Mr. Woods, a federal inmate appearing pro se, seeks to appeal from the district court's denial of his 28 U.S.C. § 2255 motion.[1] The district court determined that the claims raised were encompassed by a waiver (contained in a plea agreement) of the right to collaterally attack his conviction. In the alternative, the district court determined that the claims lacked merit. Because we determine that Mr. Woods has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny a certificate of appealability ("COA") and dismiss the

---

[1]Mr. Woods also seeks to proceed in forma pauperis ("IFP").

appeal.

Where a district court dismisses a § 2255 motion on procedural grounds, a COA requires the movant to demonstrate that it is reasonably debatable whether (1) the motion states a valid claim of the denial of a constitutional right, and (2) the district court's procedural ruling is correct. Slack, 529 U.S. at 484; Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Briefly, by way of background, Mr. Woods pled guilty to mail theft, 18 U.S.C. § 1708, and was sentenced to 57 months imprisonment followed by three years of supervised release. He was also ordered to pay restitution in the amount of $23,133.86. As part of the plea agreement, Mr. Woods waived his right to appeal or collaterally challenge his plea, conviction, and sentence with limited exceptions. In particular, Mr. Woods did not waive his right to appeal an upward departure or to appeal or collaterally challenge based on changes in Tenth Circuit or Supreme Court case law having retroactive effect.

Mr. Woods filed an appeal, which this court dismissed based on the validity of his waiver. United States v. Woods, No. 02-6338, unpubl. order (10th Cir. Apr. 3, 2003). His petition for certiorari was denied by the Supreme Court. Woods v. United States, 540 U.S. 892 (2003). He then filed the instant § 2255 motion and a "Motion to Preserve 'Blakely' Argument."

In seeking a COA, Mr. Woods argues that (1) he suffered from ineffective

assistance of trial counsel when his attorney failed to object to the restitution order; (2) his Sixth Amendment rights under United States v. Booker, 543 U.S. 220 (2005), were violated when the district court took into account victims other than Ms. Carey (as relevant conduct in determining the amount of restitution owed); and (3) his rights under Booker were violated when the district court applied a leadership role enhancement pursuant to the sentencing guidelines.

Despite his argument to the contrary, Mr. Woods failed to argue his ineffective assistance claim in his § 2255 motion or in his reply to the government's opposition thereto. We have repeatedly held that absent "extraordinary circumstances," we do not consider claims raised for the first time on appeal. Young v. United States, 394 F.3d 858, 861 n.2 (10th Cir. 2005). As no such circumstances present themselves here, Mr. Woods' ineffective assistance claim is deemed waived. Further, we note that Mr. Woods' laconic mention of ineffective assistance is, on its face, insufficient to bypass the waiver contained in his plea agreement.

The remaining claims are barred by the waiver on collateral attacks contained in the plea agreement. A defendant's waiver of appellate rights is binding so long as (1) the scope of the waiver covers the present appeal, (2) the waiver was knowing and voluntary, and (3) enforcement of the waiver would not result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325

(10th Cir. 2004) (en banc).  The record fully supports the district court's conclusion that the language of the plea agreement and plea colloquy support a waiver that encompasses these issues, that the waiver was knowing and voluntary, and that no miscarriage of justice results.  See R. Doc. 61 (Plea Agreement) at 2 (restitution order may cover losses to all victims, not just the victim in the count of conviction), at 5 (waiver of right to appeal or collaterally attack plea, conviction and sentence); Change of Plea Hrg. Tr. at 5-6 (court inquires whether Mr. Woods may be liable for restitution beyond victim in count of conviction). Because Booker is not retroactive, the Booker claim does not come within the exception to the waiver.[2]  See United States v. Price, 400 F.3d 844, 845 (10th Cir. 2005).

We DENY a COA, IFP, and DISMISS the appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

---

[2]Furthermore, Booker does not apply here because restitution is not criminal punishment.  United States v. Visinaiz, 428 F.3d 1300, 1316 (10th Cir. 2005).